WILLARD RISLEY

*v.*

JOHN A. PARKER et al.

1. A mortgage given without consideration and to protect the mortgagor's property against an anticipated judgment, although having no priority over a subsequent mortgage, is valid as between the parties.

2. Bill to foreclose by holder of first and third mortgages against a second mortgagee and mortgagors, contained a clause alleging that second mortgage was void because given without consideration. No answer was filed; master's report found the second mortgage was given to protect mortgagor's property from his creditors, and "should be set aside and for nothing holden;" decree declared that it was not a lien upon the mortgaged premises.—*Held*, this allegation in the bill, finding of the master and declaration in the decree must be confined in their effect to the complainant's third mortgage, and cannot affect the rights of the holder of the second mortgage as against the mortgagors, who were owners of equity of redemption, and that the proceeds of sale, after satisfying the complainant's two mortgages, must be applied to the second mortgage.

On petition for surplus moneys remaining after sale of mortgaged premises. On exceptions to master's report.

*Mr. Charles A. Baake*, for the exceptant.

*Mr. August Stephany*, contra.

PITNEY, V. C.

The bill herein sets out three mortgages, one dated March 14th, 1883, made by one Mason, the then owner of the premises, to the

complainant; then a conveyance by Mason on the 19th of March, 1883, to John A. Parker and Anna M. Parker, who, as the evi-- dence shows, were husband and wife; then a mortgage dated: March 24th, 1883, from John A. Parker and Anna M. Parker to Emma M. Parker and Alice Ann Thompson, which last-named mortgagees are the petitioners in this proceeding; then, third, a mortgage by John A. Parker and Anna M. Parker to one Lake and an assignment by Lake to the complainant.

With regard to the second mortgage made to the petitioners herein the allegation of the bill was as follows:

" But your orator, while admitting the lands mentioned in the said mortgage are intended to be and are the same premises as described in the mortgage of your orator, charges that the last-mentioned mortgage is null and void, because it was executed and delivered without consideration."

No answer was filed by either of the defendants, and an interlocutory decree was taken with an order of reference to a master in the usual form.

On that order of reference the mortgage of the petitioners was presented to the master and the petitioners, or some of them, and John A. Parker and Anna M. Parker, his wife, were sworn as witnesses, and upon the evidence taken before him the master reported as follows:

"And I do certify and report that I do find that there is nothing due unto the defendants Emma M. Parker, Alice A. Thompson and Roxanna Parker upon their said mortgage, but that the same was given and executed without consideration and for the purpose of fraud as is alleged in the complainant's bill, and should be set aside and for nothing holden; and I do further report that the same was given unto the defendants Emma M. Parker, Alice A. Thompson and Roxanna Parker, children of the defendant John A. Parker, to save the defendant John A. Parker's property from the effects of a certain suit at that time pending in the Supreme Court of the State of New Jersey against the defendant John A. Parker and others."

Upon that report a decree was made establishing the two mortgages of the complainant and dealing with the mortgage of the petitioners in these words: "And that the mortgage of Emma M. Parker, Roxanna Parker and Alice A. Thompson is not a lien upon the said premises."

Risley *v.* Parker.

Execution was issued accordingly and the premises brought to sale and produced $97.80 more than the amount necessary to pay all encumbrances, which sum has been paid to the clerk of this court.

The mortgagees in the second mortgage petitioned this court to have that money paid out to them on their mortgage. No answer was made to the petition. It was referred to the same master who previously reported in the cause, and, after hearing all the parties and considering the same evidence which had been taken before him in the original reference, and further evidence taken before him on the petition, he reported in favor of paying to the petitioners the said surplus money.

To this report exceptions were filed by Anna M. Parker, wife of John A. Parker, and one of the mortgagors in the mortgage held by the petitioners, as follows:

" *First.* That petitioners' mortgage was a mere fiction, without consideration.

" *Second.* The signature of this exceptant was obtained by fraud and misrepresentation, to cheat and defraud her.

" *Third.* That the master erred in excluding exceptant's testimony as to fraudulent character of said mortgage of petitioners, as appears by the testimony returned by the master.

" *Fourth.* The report of the master awarding the surplus to the petitioners is unjust and against the rights of this exceptant.

" *Fifth.* That the master should have awarded one-half of said surplus money to this exceptant."

In his brief, exceptant's counsel took the point that the first report of the master and the decree of this court thereon is conclusive of the petitioners' rights.

The evidence of the exceptant herself, taken before the master on the first reference, was conclusive as to the fact that the disputed mortgage was made for the purpose of protecting her husband's property against a judgment which he anticipated might be rendered against him in a suit then pending. (Extracts from the evidence omitted.)

At the time this testimony was taken the husband and wife were not on good terms, and that condition has continued since.

The mortgage was duly recorded and delivered to the husband of one of the mortgagees, and has been under their control ever since.

It is perfectly well settled that a mortgage given under such circumstances and for such purposes is perfectly valid as between the parties, and is void only as against creditors. It is also good as a pure gift as between the parties. *Aller* v. *Aller, 11 Vr. 446.*

The master, in his first report, evidently made a mistake in that respect. He should have reported the whole amount to be due upon the mortgage, and should have postponed it to the third mortgage held by the complainant.

The solicitor of complainant also made a mistake in introducing into his decree the clause declaring that the mortgage in question was not a lien upon the premises.

The question, however, is as to the effect of that report and decree, and I think upon very plain principles they ought not to be held binding upon the petitioners herein.

The clause in the bill which charges that petitioners' mortgage is null and void because it was executed and delivered without consideration must be construed, as it was construed by the master, as meaning that it was null and void *as against the complainant's third mortgage.* It was no business of the complainant whether or not it was valid as between the mortgagor and mortgagee so long as it was not permitted to stand in the way of his third mortgage, and the clause in question, for present purposes, must be construed as meaning that and nothing more.

The only issue in regard to this mortgage between the complainant and any of the defendants was as to whether or not it had priority over his third mortgage, and all that complainant had any right to ask a decree for and all that the court had any authority on the pleadings to decree was that it did not have priority over the complainant's third mortgage.

There was no issue framed or tried between John A. Parker and his wife, Anna M. Parker, on the one side, and the petitioners, as mortgagees in the second mortgage, on the other side. No such issue was tried, even if framed, and if it had been, the finding of the master, so far as it relates to that issue, is contrary to evidence

and law.   I do not think it binding upon the petitioners upon the principle established in *Munday* v. *Vail, 5 Vr. 418.*

But if in its present shape it stands in the way of petitioners; it will be modified and made to conform to the facts and law of the case upon a motion made for that purpose, and such motion may be considered as made and granted.